Tali APERRO, J.
The plaintiff sues for $2150 loaned by him, as he alleges, to the defendant, who refuses to pay it. The defendant answers, in substance, that the plaintiff predicates his demand on the pretense that he paid that sum of money on the defendant’s account, lost by the latter in a gambling game played in a gambling house kept by plaintiff, in which game no current money was actually exhibited or employed, but in lieu thereof pieces of bone or other similar substance were, by virtue of an understanding among the parties engaged in that game, used as the representative of money.
Defendant specially denies that he incurred any valid obligation in favor of plaintiff. He alleges that no obligation whatever can arise from the unlawful cause alleged by defendant, and that he owes plaintiff nothing. The plaintiff had judgment in the court below, and the defendant appealed.
The plaintiff is in court with but little grace. The evidence shows that he is the keeper of a house used as a place for gaming; that in his house persons engage in gambling of that kind where no current money is actually exhibited or employed, but in lieu of which pieces of bone or other material or substance is used by common consent and understanding of those engaged in such gambling as representing money; and this kind of gambling, expressly forbidden by law, the plaintiff promotes by furnishing a house for that purpose and affording the appliances necessary in such gambling, and especially the pieces of bone or other material, the conventional symbols of money among the gamesters; that at the close or ending of a game of this sort in the plaintiff’s house, where the defendant’s losses were heavy, the plaintiff redeemed the symbolical particles of bone or other material which he had officiously furnished the defendant with, in order to enable him to continue the game after all his own means had been lost. The payment thus made by the plaintiff to the several parties who had won from the defendant, was at best only the payment of money lost at a game prohibited by law. The plaintiff knew all the facts and circum *295 stances under which lie paid tile defendant’s losses. He bad indirectly contributed to those losses, and be should not now be beard in demanding the reimbursement of the amount on the ground that be loaned the defendant money to pay bis losses at gaming. Under such a state of facts the defendant is not any more bound legally or morally to pay the plaintiff, than he is to pay the parties w.ho won from him at the prohibited game. It is not pretended that the payment was made by request of the defendant, or at his instance in any manner. The conduct of the plaintiff, on the contrary, was such as not to leave it free from the suspicion that it was regulated so as to insure the payment of the losses of the defendant under the guise of a loan to him, when ■ directly payment of those losses could not be enforced on account of the immoral consideration, and from the violation by the parties of a prohibitory law.
In this case we repeat what was said by this court in the case of Whitesides v. McGrath, 15 An. 401, similar in its character to the one at bar: “ Courts of justice are not open to litigations of this Kind.”
It is therefore ordered that the j udgment appealed from be annulled, avoided and reversed. It is further ordered that this suit be dismissed at plaintiff’s costs.